UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMELIA ARCAMONE-MAKINANO, et al.,<br><br>　　　Plaintiff(s),<br><br>v.<br><br>DEBRA HAALAND, et al.,<br><br>　　　Defendant(s). | Case No. 2:22-cv-00621-JAD-NJK<br><br>**Order**<br><br>[Docket No. 24] |

Pending before the Court is Defendants' renewed motion to stay discovery pending resolution of their motion to dismiss. Docket No. 24; *see also* Docket No. 13 (motion to dismiss). The Court has considered Defendants' motion, Plaintiffs' response, and Defendants' reply. Docket Nos. 24, 25, 27. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **GRANTED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay discovery may be granted when: (1) the underlying motion is potentially dispositive in scope and effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the plaintiff will be unable to prevail. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev.

1

2013). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *Tradebay*, 278 F.R.D. at 602.

A stay of discovery is warranted in this case. Defendants and Plaintiffs agree that the motion to dismiss is dispositive. Docket No. 24 at 6; Docket No. 25 at 4. Plaintiffs submit that additional discovery is needed to resolve the motion to dismiss. Docket No. 25 at 4, 8 n.1. The motion to dismiss, however, is already fully briefed. Docket Nos. 13, 14, 18.[1] Finally, the undersigned's evaluation of the motion to dismiss reveals that it is sufficiently meritorious to justify a stay of discovery.[2]

Accordingly, the motion to stay discovery is **GRANTED**. Docket No. 24. In the event resolution of the motion to dismiss does not result in the termination of this case, a joint proposed discovery plan must be filed within 30 days of the issuance the order resolving the motion to dismiss.

IT IS SO ORDERED.

Dated: September 27, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Plaintiffs have filed a motion to file surreply, which remains pending. Docket No. 23. The proposed surreply is attached to the motion; therefore, no discovery is needed to complete it.

[2] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the underlying motions may have a different view of their merits. *See Tradebay*, 278 F.R.D. at 603. This "preliminary peek" at the merits of the underlying motions is not intended to prejudice their outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the underlying motions. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motions and subsequent briefing.